OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for a new trial.
 

 In this action to impose liability on appellant bank for permitting an unauthorized withdrawal of funds from a corporate account at the direction of the corporate president, the case was defended by the bank principally on the theory that it was protected from liability under the provisions of section 9 of the Banking Law inasmuch as it had had a corporate resolution authorizing such withdrawal on file at the time of the withdrawal, although that resolution had subsequently been inadvertently destroyed. But the jury, in a special verdict, found that no such corporate resolution had been on file with the bank, thus effectively negating this defense.
 

 There was, however, other evidence, though not extensive,
 
 *734
 
 from which the jury could have concluded that Mr. Schuddekopf had authority, as corporate president, to direct withdrawals from the corporate account unrelated to any specific corporate resolution. In addition to requests for a special verdict and for instructions with respect to the claimed corporate resolution, counsel for the bank also requested both that the question on which the jury was instructed to return a special verdict be phrased to include a finding as to whether Mr. Schuddekopf, as president of the corporation, had authorization to draw on the corporate bank account independent of any corporate resolution, and that the jury be instructed that they were to determine whether he had such authority unrelated to any corporate resolution. The trial court denied both requests.
 

 This was error. The bank, while relying principally on the existence of a corporate resolution in its files, also contended that wholly without regard to such evidence the president in fact had authority to direct the withdrawal from the corporate account and the issuance of the cashier’s check payable to a third person. Inasmuch as there was evidence in the case to support this contention it was error not to have submitted it to the jury.
 

 Nor can the jury verdict for plaintiff be sustained on the theory that the bank did not exercise reasonable care inasmuch as that theory of recovery was never submitted to the jury.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order reversed, etc.